### THADDEUS TOWER *vs.* THE CITY OF BOSTON.

The only remedy for damages to land necessarily caused in the construction of the aqueduct from Long Pond to Boston, under *St.* 1846, *c.* 167, is by petition to the court of common pleas under § 6 of that statute, although such injury is to land not finally taken for the location of the aqueduct, but only adjacent thereto.

TRESPASS for injury to the plaintiff's land by the defendants' servants while constructing the aqueduct from Long Pond to Boston, under *St.* 1846, *c.* 167. The particular nature of the injury complained of, and the ground upon which the plaintiff claimed to sustain his action, are sufficiently disclosed in the opinion of the court. The trial was in this court, before *Bigelow,* J., who ruled that the only remedy for the plaintiff was by petition to the court of common pleas, under § 6 of *St.* 1846, *c.* 167, and that this action could not be maintained. The case was reported to the whole court with an agreement, that if they should be of the same opinion, judgment should be for the defendants; otherwise the case to be sent to a jury to assess the damages.

*J. G. Abbott,* for the plaintiff.

*P. W. Chandler,* (city solicitor,) for the defendants.

DEWEY, J. The alleged trespasses for which damages are sought to be recovered, are certain acts of the servants of the defendants, done in the location and construction of the aqueduct, to supply the city of Boston with pure water from Long Pond.

It does not appear that there was any unnecessary damage, or any use of the land of the plaintiff, not reasonably required to be used for the proper construction of the aqueduct. The inquiry is merely one of a right to recover damages for such use of the land of the plaintiff. The claim of the plaintiff as set forth in his writ, is to recover damages of the defendants for passing over land of the plaintiff not embraced in the final location of land taken for the aqueduct, but adjacent thereto, for the purpose of transporting materials to be used in the construction of the work on the land taken, and also for passing over the same in making the preliminary surveys.

The right to construct the aqueduct, was granted to the de-

fendants by statute of 1846, *c.* 167, and the powers conferred were commensurate with the necessities of the case. The defendants had the right to make the preliminary survey preparatory to locating the line of the aqueduct, and fixing upon the precise bounds of the land to be permanently appropriated to the aqueduct. Such preliminary survey, accompanied with no unnecessary damage, and made with reasonable despatch, was within the acts authorized by the statute of 1846, *c.* 167. So also, the use to some extent, temporary indeed, of the adjacent land in passing over the same, so far as was necessary to construct the aqueduct, is equally well authorized.

But the plaintiff insists that in this form of action he may recover damages for such use of his land that was not embraced in the location filed by the city as the land permanently taken.

Upon this point the parties are at issue; the defendants insisting that § 6 of the statute before cited, provides an adequate remedy for obtaining compensation for the entire acts of the defendants connected with the construction of the aqueduct. They further contend, that when a particular and specific remedy is thus given by statute, such statute remedy alone must be pursued. This principle we suppose, is not controvertible, but it is insisted that these damages were not provided for by the statute of 1846, *c.* 167.

That it was the intention of the framers of that act, to make full and adequate provision on the one hand to protect the city of Boston from liability to daily suits of trespass for acts done in the proper construction of the aqueduct, and on the other hand to give full and perfect remedy to the landowner for all injuries sustained by him as well for the land actually taken and appropriated to the aqueduct, as for other incidental damages arising in the construction of the same, cannot reasonably be doubted. Any thing less than this would have been imperfect legislation, and illy adapted to effectuate the objects of the petitioners for such a grant, or to secure the rights of those whose lands might be taken permanently, or used temporarily as necessary to the construction of the aqueduct.

The language of the 6th section of this act is as follows : " The said city of Boston shall be liable to pay all damages that shall be sustained by any persons in their property by the taking of any land, water, or water rights, or by the constructing of any aqueducts, reservoirs, or other works for the purpose of this act." The statute then proceeds to provide for the mode of assessing such damages, where the parties do not agree as to the same.

Under substantially similar provisions contained in acts authorizing the location and construction of railroads, this court has repeatedly held that the right of the land-owner to recover his damages was under the statute, and not by an action at common law, and that the statute was broad and comprehensive enough to embrace the incidental damages to lands adjacent, but not directly taken for the site of the rail road. It was so held in the case of *Dodge* v. *County Commissioners of Essex County,* 3 Met. 380, on a petition for a mandamus to assess damages for injuries sustained without the limits of the road, in the construction of the same. The statute provision as to damages to the land-holders in that statute was thus ; " Every railroad corporation shall be liable to pay all damages that shall be occasioned by laying out, making and maintaining their railroad." And the court was of the opinion that this language embraced cases of damage done to real estate not taken for the road, but damaged in the due and proper construction of the road. The rule was again affirmed in *Ashby* v. *Eastern Railroad Company,* 5 Met. 368, and in *Parker* v. *Boston and Maine Railroad,* 3 Cush. 107, as well as in the case of *Babcock* v. *Western Railroad,* 9 Met. 553.

The language of the statute of 1846, *c.* 167, § 6 is, as we have seen, quite as broad and full in its provisions as to damages arising in the construction of the work as that found in the railroad acts. It seems to us that the like construction must be given to it, and that it must be held to be the exclusive remedy for all claims for damages like those set up in the present case.

As to the suggestion that the plaintiff's proceeding under

the statute to recover damages by reason of the taking of his land for the aqueduct, was prior to the actual filing of the location of the aqueduct in the office of registry of deeds, we do not perceive that it varies the rights of the parties, as to maintaining the present action. The plaintiff might have postponed his application to a later period.

Upon the whole matter, the court are of opinion, that the plaintiff is not entitled to recover in this action, and judgment is to be entered for the defendants.

*Judgment for the defendants.*